IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PRESQRIBER, LLC<br>    Plaintiff<br><br>v.<br><br>ECLINICALWORKS, LLC<br>    Defendant | Case No. 6:14-cv-863<br><br>**Jury Trial Demanded** |

## ANSWER AND COUNTERCLAIM

Defendant eClinicalWorks, LLC, ("eClinicalWorks") files this Answer to the Original Complaint of Plaintiff Presqriber, LLC, ("Plaintiff") concerning U.S. Patent No. 5,758,095 ("the '095 Patent") and further files its Counterclaim.

## ANSWER

### Parties and Jurisdiction

1. eClinicalWorks admits that this action purports to be for patent infringement under Title 35 of the United States Code.

2. eClinicalWorks admits 28 U.S.C. §§ 1331 & 1338 provide subject matter jurisdiction to the extent that this case concerns allegations of patent infringement. eClinicalWorks denies any other allegation contained in Paragraph 2.

3. eClinicalWorks is without sufficient information to form a belief as to the allegations in Paragraph 3 and therefore denies the same.

4. eClinicalWorks admits that it is a Massachusetts limited liability company with the stated address for its principal office. eClinicalWorks denies the remaining allegations in Paragraph 4.

5. eClinicalWorks admits that its products have been sold or offered for sale within the Eastern District of Texas. eClinicalWorks denies the remaining allegations in Paragraph 5.

## Venue

6. To the extent that Paragraph 6 calls for a legal conclusion, eClinicalWorks is not required to respond and denies the allegation. eClinicalWorks denies that the venue should remain in the Eastern District of Texas as it is inconvenient and not in the interests of justice to maintain it here. eClinicalWorks further denies any allegation that it has committed acts of infringement in the district.

## Plaintiff's Count I

7. eClinicalWorks incorporates and restates its answer to Paragraphs 1-6, *supra*.

8. eClinicalWorks admits that this action purports to be an action for patent infringement under Title 35 of the United States Code. eClinicalWorks further denies any allegation that it has committed acts of infringement and denies the remaining allegations in Paragraph 8.

9. eClinicalWorks is without sufficient information to form a belief as to the allegations in Paragraph 9 and therefore denies the same.

10. eClinicalWorks admits that what appears to be a copy of the '095 Patent is attached to the Complaint as Exhibit A.

11. eClinicalWorks is without sufficient information to form a belief as to the allegations in Paragraph 11 and therefore denies the same.

12. eClinicalWorks is without sufficient information to form a belief as to the number of times that the '095 Patent has been cited and therefore denies the same. eClinicalWorks denies the remaining allegations in Paragraph 12.

13. Denied.

14. Denied.

15. eClinicalWorks admits that it has knowledge of the '095 Patent as of the filing of the Complaint. eClinicalWorks denies any other allegation contained in Paragraph 15.

16. Denied.

17. Denied.

18. eClinicalWorks asserts that there is no proper basis to make the allegation asserted in Paragraph 18. eClinicalWorks denies the allegation.

19. Denied.

20. Denied.

## Affirmative Defenses

Further answering the Complaint, and as additional defenses thereto, eClinicalWorks asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise rest with Plaintiff. eClinicalWorks expressly reserves the right to amend its Answer, Affirmative Defenses, and Counterclaim as additional information becomes available and/or is otherwise discovered.

21. Plaintiff fails to state a claim upon which relief may be granted.

22. Upon information and belief, eClinicalWorks states that Plaintiff is wholly or partially barred from the relief that it seeks because the '095 Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

23.     Upon information and belief, eClinicalWorks states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppel, laches, and/or acquiescence.

24.     Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '095 Patent, and in particular, the applicants and/or their representative(s) and/or agent's remarks, representations, concessions, amendments and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that eClinicalWorks has infringed upon any of the claims of the '095 Patent.

25.     Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by eClinicalWorks of any of the claims of the '095 Patent to the extent that Plaintiff and/or any predecessor owners and/or licensees of the patents have not complied with the notice and/or marking requirements of 35 U.S.C. § 287.

## Demand for Jury Trial

eClinicalWorks requests a trial by jury of all issues so triable.

## Prayer for Relief

eClinicalWorks denies that Plaintiff is entitled to any of the relief for which it prays. eClinicalWorks prays that the Court:

A.      Enter judgment for Defendant rejecting all causes of actions pleaded in the Complaint.

B.      Enter judgment and an order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285.

C.  Award Defendant its attorney's fees and costs in this lawsuit.

D.  Award Defendant such further relief to which the Court finds Defendant entitled under law or equity.

## COUNTERCLAIM

COMES NOW Counterclaimant eClinicalWorks, LLC (hereinafter "eClinicalWorks"), by and through its attorneys, and for its counterclaims against Counterclaim Defendant Presqriber, LLC ("Counterclaim Defendant") states as follows:

### NATURE OF THE ACTION

1. This Counterclaim seeks, *inter alia*, a judgment declaring that the claims of U.S. Patent No. 5,758,095 ("the '095 Patent") are invalid.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over these Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., under 28 U.S.C. §§ 1331, under 28 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, et seq. To the extent Plaintiff/Counterclaim Defendant is entitled to venue in this judicial district, venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b), (c) & 1400.

### THE PARTIES

3. eClinicalWorks is a Massachusetts limited liability company with its principal place of business in Massachusetts.

4. Upon information and belief, Counterclaim Defendant is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702. Counterclaim Defendant alleges that it has an interest in the '095 Patent.

**ACTS GIVING RISE TO THE COUNTERCLAIMS**

5. Upon information and belief, U.S. Patent Application Serial No. 08/394,335 was filed on February 24, 1995, and it issued as the '095 Patent on May 26, 1998.

6. Counterclaim Defendant alleges that eClinicalWorks is infringing one or more claims of the '095 Patent.

7. Counterclaim Defendant has created an actual and justiciable case and controversy between it and eClinicalWorks concerning whether the '095 Patent is valid and/or enforceable, as well as whether eClinicalWorks is infringing upon any valid and/or enforceable claim of the '095 Patent.

8. eClinicalWorks has not infringed, and is not infringing, upon any claims of the '095 Patent.

**COUNTERCLAIM 1**

**Declaratory Judgment of Invalidity of U.S. Patent No. 5,682,095**

**(28 U.S.C. §§ 2201 and 2202)**

9. eClinicalWorks incorporates by reference each and every allegation set forth in paragraphs 1 through 8 of this Counterclaim as if fully set forth and restated herein.

10. Upon information and belief, all of the claims of the '095 Patent are invalid, and void, for at least one or more of the following reasons:

    (a) the purported inventors did not invent the subject matter of the '095 Patent, nor did they make any invention or discovery, either novel, original, or otherwise, within the meaning of U.S. Code, Title 35;

    (b) the alleged invention of the '095 Patent was made by another in this country before the alleged invention, and such other person had not

          abandoned, suppressed, or concealed it;

(c)    in light of the prior art at the time the alleged invention was made, the subject matter as claimed in the '095 Patent would have been obvious to one skilled in the art to which the alleged invention relates and does not constitute a patentable invention;

(d)    more than one year prior to the filing of the original application which matured into the '095 Patent, the alleged invention was patented or described in a printed publication in this or another country, and/or was in public use, on sale, or was sold in this country;

(e)    before the alleged invention claimed in the '095 Patent, the alleged invention was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country;

(f)    before the alleged invention claimed in the '095 Patent, the alleged invention was described in a patent granted on an application for patent by another filed in this country;

(g)    before the alleged invention claimed in the '095 Patent, the alleged invention was described in a published application for patent by another filed in this country;

(h)    the patentee abandoned the alleged invention;

(i)    the alleged invention does not involve the exercise of inventive faculty but only the judgment, knowledge, and skill possessed by persons having ordinary skill in the art at the time of the alleged invention;

(j)    the patent does not contain a written description of the alleged invention in

        such full, clear, concise, and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventors of carrying out the alleged invention; and/or

(k)    the alleged invention fails to satisfy 35 U.S.C. § 101 as the alleged invention does not transform an article and/or is not tied to a particular machine.  Moreover, any alleged involvement of a machine is merely an insignificant extra solution activity.

    11.    By reason of the proceedings in the U.S. Patent & Trademark Office during the prosecution of the application that matured into the '095 Patent, and in particular, the applicants' and/or their representative(s) and/or agents' remarks, representations, concessions, amendments and/or admissions during those proceedings, Counterclaim Defendant is precluded and estopped from asserting that eClinicalWorks has infringed upon any of the claims of the '095 Patent.

    WHEREFORE, Counterclaimant eClinicalWorks respectfully prays that the Court enter judgment in its favor and award the following relief against the Counterclaim Defendant:

A.    Declare that each claim of U.S. Patent No. 5,682,095 is invalid and unenforceable;

B.    Permanently enjoin Counterclaim Defendant and its officers, directors, agents, servants, employees, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that eClinicalWorks and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of the '095

      Patent;

C.     Declare that this case is "exceptional" under 35 U.S.C. § 285;

D.     Award eClinicalWorks its costs and reasonable attorney's fees incurred in connection with this action; and

E.     Award and grant eClinicalWorks such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

eClinicalWorks hereby demands a jury trial on all issues so triable.

Date:  December 5, 2014

Respectfully Submitted,

BRYAN CAVE LLP

By:  /s/ Keith M. Aurzada
Keith Miles Aurzada
Texas State Bar No. 24009880
2200 Ross Avenue, Suite 3300
Dallas, TX  75201
Telephone:  214.721.8041
Facsimile:  214.721.8100
E-mail: keith.aurzada@bryancave.com

John C. Bush
Georgia Bar No. 413159
1201 West Peachtree Street, 14th Floor
Atlanta, GA  30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
E-mail: john.bush@bryancave.com

*Attorneys for eClinicalWorks, LLC*

6392728.1

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, a copy of Defendant eClinicalWorks, LLC's Answer and Counterclaim was filed with the Clerk of Court using the CM/ECF system, which will automatically notify all counsel of record.

This 5th day of December, 2014.

/s/ Keith M. Aurzada
Keith M. Aurzada